JUSTICE LEAPHART
dissenting.
¶37 I dissent.
¶38 The present version of § 3-1-518, MCA, provides that a judge investigating a contempt charge and presiding over a hearing of a person whose contempt was not committed in the immediate view and presence of the court, may not be the judge against whom the contempt was allegedly committed unless the contempt arose from the violation of an order of the court, in which case the judge who issued the order may punish the contempt or compel compliance with the order “unless it is shown that the judge would not be impartial in addressing the contempt.” Drew contends that when the judge declared that she had no credibility, the caveat was satisfied-that is, there was a showing that the judge would not be impartial in addressing the question of Drew’s alleged contempt. The Court, however, agrees with Judge Tucker’s assertion that, if the Court were to adopt Drew’s position, the provisions of the statute could never be implemented-that the judge issuing the initial order could never punish for the contempt.
¶39 I disagree with the Court’s conclusion that a judge who has predetermined that an alleged contemnor has no credibility can be impartial in addressing the issue of contempt. The Court reasons that, in reality, a judge on the verge of finding a person in contempt has already found the person not credible. The premise for this analysis is false. A judge on the verge of finding a person in contempt has not necessarily predetermined thatthe person lacks credibility. More likely than not, the judge has found that the tendered excuse is insufficient to excuse the conduct in question. The insufficiency of the excuse is entirely different from the credibility of the accused person. If the accused’s excuse is “I forgot,” the judge may well believe that he or she *535 in truth forgot but conclude that forgetfulness is not a valid excuse. It is not uncommon for an accused to argue that he or she interpreted the judge’s order differently than did the judge. Again, although the judge may believe the interpretation was in good faith, the judge could conclude that the interpretation was not a reasonable one. None of these common scenarios involve a predetermination that the person, himself or herself, lacks credibility. The Court concludes that, if it were to hold that a judge who has determined that the charged person lacks credibility is unable to be impartial, “then virtually no judge who is understandably offended by a direct violation of his or her orders would be allowed to address the contempt, and the provisions of § 3-1-518, MCA, as amended, would be rendered meaningless.” As the above examples illustrate, this is a gross exaggeration. A judge who finds that a tendered excuse is incredible may still be in a position to be impartial. On the other hand, a judge who finds that the person is incredible will not.
¶40 The Court’s conclusion that a judge who has predetermined that the accused lacks credibility can still be impartial is, itself, incredible. Suppose that a juror on voir dire examination admits that he is familiar with the plaintiff and knows that the plaintiff is not a credible person. Would a court be justified in denying a challenge for cause on the basis the juror could, despite his prejudging the plaintiffs credibility, be impartial? Obviously not. By law, a juror is subject to challenge for cause for “the existence of a state of mind in the juror evincing enmity against or bias in favor of either party.” Section 25-7-223(7), MCA. I would hold a trial judge to the same standard of impartiality. If the judge has already determined that the party in question lacks credibility, then that judge has evinced a state of mind against that party and is not in a position to sit as an impartial jurist on the question of contempt.
¶41 Where, as here, an accused contemnor has shown that the judge has pre-judged her credibility, she has demonstrated that that judge has evinced an enmity towards her and cannot be impartial in meting out a contempt punishment. In such cases, due process requires that the neutral magistrate requirement be imposed.